IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMY HARRIS,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. HOUSE SELECT COMMITTEE<br>TO INVESTIGATE THE JANUARY 6TH<br>ATTACK ON THE UNITED STATES<br>CAPITOL, *et al.*,<br><br>   *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:21-cv-03290<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR WAIVER OF
LOCAL CIVIL RULES 5.1(c)(1) AND 11.1**

   Plaintiff Amy Harris respectfully submits this memorandum in support of her Motion for Waiver of Local Civil Rules 5.1(c)(1) and 11.1 ("Motion"). In support of this Motion, Plaintiff states as follows:

   1.  This action for declaratory and injunctive relief is brought by Plaintiff, an experienced, freelance photojournalist, in response to an invasive and sweeping subpoena *duces tecum* issued by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "House Select Committee") and served on Verizon (the "Verizon Subpoena"). The Verizon Subpoena seeks to compel a third-party telecommunications company to produce Plaintiff's phone records reflecting privileged communications between the journalist Plaintiff and her confidential and other sources in violation of Plaintiff's constitutional rights,

including her First Amendment rights as a journalist, her protection under the D.C. Shield law, and her Fourth Amendment right against unlawful search and seizure. (ECF 1 Ex. A.)

2. The Verizon Subpoena seeks subscriber information and call detail records associated with Harris's phone number both before and after the January 6, 2021 domestic terror attack on the U.S. Capitol. (*Id.*)

3. During the time frame covered by the Verizon Subpoena (November 1, 2020 to January 31, 2021), Plaintiff was actively engaged in a project documenting the far-right extremist group known as the "Proud Boys" and their leader, Henry "Enrique" Tarrio. (*Id.* ¶ 5.)

4. As such, this action touches upon some of the most serious and polarizing issues facing our Nation. Plaintiff credibly fears that the exposure of sources from when she was documenting Tarrio and the Proud Boys could lead to threats against her physical safety, actual attacks, and both in-person and online harassment and attempts at intimidation.

5. Additionally, since this action was filed on December 15, 2021, Plaintiff has already experienced online hostility directed towards her in response to coverage of the action.[2]

6. This Court has discretion to waive the requirement of Local Civil Rules 5.1(c)(1) and 11.1. In considering whether to waive the entirety of the requirement, this Court employs a "general balancing inquiry" also used to determine whether to allow a plaintiff to proceed anonymously, namely: "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in

---

[2] Attached as Exhibit A are true and correct copies of screenshots of abusive commentary in response to coverage of the action. *See, e.g.,* https://twitter.com/kyledcheney/status/1471254720383754248

revealing the identity of the movants." *Grace v. Sessions*, No. 1:18-CV-01853, 2018 WL 11247769, at *3 (D.D.C. Aug. 7, 2018) (internal quotations omitted).

7. In *Chang v. Republic of S. Sudan*, No. CV 21-1821, 2021 WL 2946160 (D.D.C. July 9, 2021), for instance, the plaintiffs moved to substitute their counsel's business address for their residence addresses in their initial pleading, to file under seal and *ex parte* their residence addresses, and to permit two plaintiffs to proceed under pseudonym in an action alleging numerous acts of violence and sexual violence by the armed forces of the Republic of South Sudan. *Id*. at * 1. This Court granted the plaintiffs' request, holding that the "public's interest in knowing the addresses of the plaintiffs and the identities of plaintiffs Jane Doe and Mary Roe is *de minimis* compared to the significant privacy interests of the plaintiffs, who have well-founded and legitimate fears of stigmatization, harassment, and further violence." *Id*. at *2.

8. Here, Plaintiff does not seek complete anonymity. The action was filed without using a pseudonym and included her personal business address in the caption, which address is the same city and state as her personal residence address.

9. Instead, Plaintiff seeks to protect the precise location of her residence in order to protect her privacy and her family's safety in light of the serious and polarizing nature of the House Select Committee's inquiry; the risks posed by the exposure of sources from when she was documenting the extremist group the Proud Boys; and the hostility she has already experienced less than one week after filing this action. Her precise residence address is also not relevant to any of the issues raised in her Complaint. As such, Plaintiff's non-speculative personal privacy and safety interests outweigh the public's right to know the exact street address of her residence.

10. Alternatively, and for the same reasons stated above, good cause exists for the Court to permit Plaintiff to redact the number and street name of her residence address in her initial pleading pursuant to Federal Rule of Civil Procedure 5.2(e)(1). The form of that redaction appears, as an example, in the letter from Verizon advising Plaintiff of the Verizon Subpoena. Complaint, Ex. A, ECF No. 1-1.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Motion be granted and that the Court enter an order waiving the requirements of Local Civil Rules 5.1(c)(1) and 11.1 such that Plaintiff need not amend her Complaint and instead use her business address in place of her residence address in the caption of her Complaint.  In the alternative, Plaintiff respectfully requests that the Court allow her to amend the caption of her Complaint to show her residence address with the house number and street name redacted.

.

Respectfully submitted,

*/s/ John D. Seiver*

Robert Corn-Revere (Bar ID: 375415)
John D. Seiver (Bar ID: 296418)
Courtney T. DeThomas (Bar ID: 888304075)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington D.C. 20005
202-973-4200
bobcornrevere@dwt.com
johnseiver@dwt.com
courtneydethomas@dwt.com

Dated: December 22, 2021